

**NUMBER 13-06-00627-CR**

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

| | |
|---|---|
| **OTIS PERRY,** | **Appellant,** |

**v.**

| | |
|---|---|
| **THE STATE OF TEXAS,** | **Appellee.** |

**On appeal from the 24th District Court
of Goliad County, Texas.**

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Garza and Benavides
Memorandum Opinion by Justice Garza**

Appellant, Otis Perry, was indicted by a Goliad County grand jury on March 8, 2005 for the offense of murder. *See* TEX. PENAL CODE ANN. § 19.02 (Vernon 2003). Following a jury verdict on October 24, 2005 finding Perry incompetent to stand trial, the trial court ordered that Perry be committed to the maximum security unit of North Texas State Hospital–Vernon "for a period not to exceed 120 days[,] to be confined therein for further examination and treatment toward the specific objective of attaining competency." *See* TEX. CODE CRIM. PROC. ANN. art. 46B.073 (Vernon Supp. 2007). The record reflects that Perry was subsequently determined to have attained competency to stand trial. *See id.*

arts. 46B.079(b)(1) (Vernon Supp. 2007) (providing that the head of the mental health facility to which defendant is committed shall notify the trial court upon finding that the defendant has attained competency to stand trial), 46B.081 (Vernon Supp. 2007) (providing that the defendant shall be returned to court as soon as practicable after notice of competency is provided to the court under article 46B.079).

After trial, a jury found Perry guilty on October 25, 2006 of the lesser included offense of manslaughter, a second-degree felony. *See* TEX. PENAL CODE ANN. § 19.04 (Vernon 2003). The jury assessed punishment at twenty years' confinement in the Texas Department of Criminal Justice–Institutional Division along with a $5,000 fine. Perry now appeals the judgment of the trial court. We affirm.

## I. *ANDERS* BRIEF

Perry's court-appointed appellate counsel has filed an *Anders* brief with this Court, in which she states that she has reviewed the record and concludes that only one possible issue exists for appeal. *See Anders v. California*, 386 U.S. 738 (1967). Counsel concludes, however, that the issue lacks merit and that any appeal in this case would be frivolous. *See id.* Counsel's brief meets the requirements of *Anders*, as it presents a professional evaluation showing why there are no arguable grounds for advancing an appeal. *See Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991) (en banc). In compliance with *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. 1978), counsel has carefully discussed why, under controlling authority, there are no errors in the trial court's judgment. Counsel has informed this Court that she has (1) examined the record and has found no arguable grounds to advance on appeal, (2) served a copy of the brief on appellant, and (3) informed appellant of his right to review the record and to file a pro se brief. *See Anders*, 386 U.S. at 744; *see also Stafford*, 813 S.W.2d at 509-10. No pro se brief has been filed.

## II. INDEPENDENT REVIEW

Upon receiving an *Anders* brief, we must conduct a full examination of all the proceedings to determine whether the case is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80 (1988). We have reviewed the record and find that the appeal is wholly frivolous and without merit. *See Bledsoe v. State*, 178 S.W.3d 824, 827-28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the opinion it considered the issues raised in the brief and reviewed the record for reversible error but found none, the court of appeals met the requirements of Texas Rule of Appellate Procedure 47.1."); *Stafford*, 813 S.W.2d at 509. Accordingly, we affirm the judgment of the trial court.

## III. MOTION TO WITHDRAW

In accordance with *Anders*, Perry's appellate attorney has asked permission to withdraw as counsel. *See Anders*, 386 U.S. at 744. We grant her motion to withdraw. We further order counsel to notify Perry of the disposition of this appeal and the availability of discretionary review. *See Ex parte Wilson*, 956 S.W.2d 25, 27 (Tex. Crim. App. 1997) (per curiam).

_____
DORI CONTRERAS GARZA,
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).
Memorandum Opinion delivered and
filed this the 29th day of May, 2008.